IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CHATTWYNE SINCLAIR HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) Civil Action No. | |
| v. ) | |
| ) | |
| CEDRIC TAYLOR, in his individual ) | |
| capacity, LARRY JORDAN in his ) | |
| individual capacity, and TRACY ) | |
| JEFFERSON, in his individual ) COMPLAINT | |
| capacity, ) | |
| ) | |
| Defendants. ) | |

COMES NOW, Plaintiff in the above styled action, by and through his undersigned attorney of record, and hereby files this Complaint, respectfully showing this Honorable Court the following:

1.

This court has jurisdiction over this cause under 28 U.S.C. Section 1331 in that it arises under 42 U.S.C. Section 1983 for redress of violations of Plaintiff's rights secured by the Eighth and Fourteenth Amendments to the United States Constitution.

2.

Venue is proper in this court under 28 U.S.C. Section 1391.

3.

On or about June 21, 2012, the Plaintiff was a resident inmate at the Baldwin State Prison.

4.

At all times relevant to this Complaint, the Defendant Cedric Taylor was employed, and acting within his capacity, as Warden of Baldwin State Prison, and the Defendants Larry Jordan and Tracy Jefferson were employed, and acting within their capacities, as Deputy Wardens of Security for Baldwin State Prison.

5.

At all times relevant to this Complaint, the Defendants were directly responsible for the safety and well being of all resident inmates of Baldwin State Prison, including the Plaintiff.

6.

On or about June 21, 2012, an inmate, Timothy Taylor, after previously announcing his intentions to do so, attacked the Plaintiff with a homemade weapon.

7.

As a proximate and foreseeable result of this attack, the Plaintiff suffered serious injuries including the loss of his eye.

8.

At all times relevant to this Complaint, the Defendants were responsible for the establishment of reliable and appropriate practices, policies, and procedures that direct and govern the actions of the Baldwin State Prison, and the deputies and representatives thereof, including, but not limited to, establishing and implementing the following practices, policies, and procedures, as well as training the deputies, representatives and employees of the Baldwin State Prison to implement and employ the same in a reliable manner;

- Reliable and sufficient techniques and procedures for warrantless search and detention;

- Reliable and sufficient techniques and procedures for maintaining accurate and accessible computer records of criminal history, probation status, and medical records and history for individuals, detainees, arrestees, inmates, etc.;

- Reliable and sufficient techniques and procedures for computer checks for information, including, but, not limited to, the criminal history, probation status, and/or medical records and history of individuals, detainees, arrestees, inmates, etc.;

- Reliable and sufficient techniques and procedures to ensure that all inmates, arrestees, detainees, etc. are accounted for and properly overseen and maintained;

- Reliable and sufficient techniques and procedures to ensure that the physical safety of the detainees, inmates, arrestees, etc. are adequately addressed;

- Other practices, policies and procedures that ensure that the Plaintiff's aforementioned and other rights will not be violated by the actions of the Defendants and their representatives thereof, and employees and personnel of the Baldwin State Prison.

9.

The afore-described practices, procedures, policies, techniques, and training thereunder are necessary to protect the rights of the public at large, and particularly those of the Plaintiff.

10.

Defendants failed to establish the above practices, procedures, policies, and techniques and/or had insufficient and inadequate versions of the same in place at all times relevant to this cause of action.

11.

Defendants failed to properly, effectively, and adequately train and supervise the Baldwin State Prison, and the deputies and representatives thereof to implement and employ the afore-described practices, policies, procedures and techniques.

12.

In deliberate disregard of Plaintiff's right to be free from violent attacks by fellow inmates, the Defendants failed to place the Plaintiff in protective custody, failed to place the attacker, Timothy Taylor, in isolation, and failed to correct or prevent the dangerous and unsafe conditions, including but not limited to the impending inmate on inmate attack.

13.

The Defendants' callous and deliberate indifference to Plaintiff's safety, the failure of the Defendants to establish and/or maintain adequate practices, procedures, policies, and techniques, and the failure of the Defendants to properly, effectively, and adequately train and supervise resulted in the attack on the Plaintiff and was a violation of Plaintiff's constitutional right to be free from violent attacks by inmates, thereby actionable under 42 U.S.C. Section 1983.

WHEREFORE, Plaintiff prays that judgment be entered

A. Ordering defendants to pay Plaintiff a sum in excess of $50,000 (fifty thousand dollars) in actual damages.

B. Ordering defendants to pay Plaintiff a sum in excess of $50,000 (fifty thousand dollars) for punitive damages.

C. Ordering defendants to pay Plaintiff all other damages as permitted by Law.

D. Ordering defendant to pay all costs incurred in prosecution of this lawsuit, including reasonable attorney's fees.

E. Granting such further relief as this court deems just and proper.

This 21st Day of June, 2014.

/s/ David Dozier
David Dozier
GA Bar No. 228898
Attorney for Plaintiff

THE DOZIER LAW FIRM, LLC
327 Third Street
P.O. Box 13
Macon, GA 31202-0013
(478) 742-8441