THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **CHATTWYNE SINCLAIR HARRIS,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 5:14-CV-236 (CAR) |
| | : | |
| **CEDRIC TAYLOR, in his individual capacity; LARRY JORDAN, in his individual capacity; and TRACY JEFFERSON, in his individual capacity;** | : | |
| | : | |
| Defendants. | : | |

## ORDER ON DEFENDANTS' MOTION TO DISMISS

Plaintiff Chattwyne Sinclair Lewis filed this 28 U.S.C. § 1983 action against Defendants alleging that they failed to protect him from the attack of another inmate while he was imprisoned at Baldwin State Prison in June 2012, in violation of his Eighth Amendment constitutional rights. Currently before the Court is Defendants' Motion to Dismiss. Upon review of applicable law, the Complaint, and the Motion and responses thereto, the Court finds Plaintiff fails to state a claim upon which relief may be granted. Accordingly, and for the reasons stated below, Defendants' Motion to Dismiss [Doc. 5] is **GRANTED**, and this case is hereby **DISMISSED.**

## LEGAL STANDARD

On a motion to dismiss, the Court must accept as true all well-pleaded facts in a plaintiff's complaint.[1] To avoid dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[2] A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[3] The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims.[4]

## BACKGROUND

For purposes of this Motion, the Court accepts all factual allegations in Plaintiff's Complaint as true and construes them in the light most favorable to Plaintiff.

At all times relevant to this action, Plaintiff was an inmate at Baldwin State Prison; Defendant Taylor served as the warden; and Defendants Jordan and Jefferson served as deputy wardens of security. On June 21, 2012, another inmate attacked

---

[1] *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).
[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted).
[3] *Id.*
[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

Plaintiff "after previously announcing his intentions to do so."[5] As a result, Plaintiff "suffered serious injuries including the loss of his eye."[6]

Plaintiff alleges Defendants "were responsible for the establishment of reliable and appropriate practices, policies, and procedures that direct and govern the actions of" many different aspects of Baldwin State Prison, including those intending "to ensure that the physical safety of the detainees, inmates, arrestees, etc. are adequately addressed."[7] Plaintiff claims Defendants failed to establish such policies and procedures; failed to train and supervise the deputies and representatives to implement such policies and procedures; and failed to separate Plaintiff from the inmate who attacked him.[8] As a result, Defendants failed to prevent the attack and resulting injury, thereby violating Plaintiff's Eighth Amendment constitutional rights.

## DISCUSSION

Although "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners," not every instance of inmate on inmate violence "translates into constitutional liability for prison officials responsible for the victim's safety."[9] It is "[a] prison official's 'deliberate indifference' to a substantial risk of serious

---

[5] Complaint ¶ 6 [Doc. 1].
[6] *Id.* at ¶ 7.
[7] *Id.* at ¶ 8.
[8] *Id.* at ¶¶ 10-12.
[9] *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994) (quotations omitted).

harm to an inmate [that] violates the Eighth Amendment."[10]  In order to constitute "deliberate indifference," the prison official (1) must have subjective knowledge of the risk of serious harm, and (2) must nevertheless fail to reasonably respond to the risk.[11] "Merely negligent failure to protect an inmate from attack does not justify liability under section 1983. . . . The known risk of injury must be a strong likelihood, rather than a mere possibility, before a guard's failure to act can constitute deliberate indifference."[12]  A prison official cannot be held liable based on nothing more than "mere awareness" of the attacking inmate's "generally problematic nature."[13]  Instead, prison officials must have knowledge of a particular threat or fear felt by the prisoner.[14]

Here, Plaintiff fails to allege any facts indicating Defendants had any knowledge of an impending risk of serious harm to Plaintiff and thus fails to sufficiently plead a basis for deliberate indifference.  Plaintiff merely states that the inmate attacked Plaintiff "after previously announcing his intentions to do so[.]"[15]  Plaintiff neither identifies to whom the attacking inmate made his intentions known nor whether Plaintiff was even the intended victim.  Without alleging facts indicating Defendants had any subjective knowledge of the impending attack, Plaintiff's claim that they violated his Eighth Amendment rights by failing to prevent the attack fails.

---

[10] *Id.* at 828.
[11] *Id.* at 837-38
[12] *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (citations and quotations omitted).
[13] *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003).
[14] *Id.* at 1349-50.
[15] Complaint ¶ 6.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss [Doc. 5] is **GRANTED**, and Plaintiff's Complaint is hereby **DISMISSED.**

**SO ORDERED**, this 12th day of March, 2015.

<u>S/  C. Ashley Royal</u>
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

SSH